IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZIMMER SURGICAL, INC., and<br>DORNOCH MEDICAL SYSTEMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STRYKER CORPORATION and<br>STRYKER SALES CORPORATION,<br><br>Defendants. | Civil Action No. 16-679-RGA-MPT |

### MEMORANDUM ORDER

Defendants filed a motion to dismiss. (D.I. 8). I referred the motion to the Magistrate Judge. (D.I. 15). The Magistrate Judge has filed a Report and Recommendation. (D.I. 19). Defendants have filed objections (D.I. 22), to which Plaintiffs have responded. (D.I. 29). The matter is now before this Court.

For the reasons that follow, **IT IS HEREBY ORDERED** that the Court **OVERRULES** Defendants' Objections in part and **SUSTAINS** them in part.

I.  **LEGAL STANDARDS**

A. **STANDARD OF REVIEW**

A magistrate judge may make a report and recommendation regarding a case dispositive motion. *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 444 (3d Cir. 2005). A motion to dismiss is a dispositive motion. D.DEL. LR 72.1(3). My review of any objections to the Magistrate Judge's recommendation is therefore *de novo*. 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b)(3); *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014). I may

1

"accept, reject, or modify" the Magistrate Judge's recommended disposition. FED. R. CIV. P. 72(b)(3).

## B. DISMISSAL OF A CLAIM UNDER RULE 12(b)(6)

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific

2

task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## II. ANALYSIS

Defendants' motion urged dismissal of the complaint, arguing that it did not state a claim for direct, induced, contributory, or willful infringement. The Magistrate Judge recommended that the motion be denied as to the allegations of direct and willful infringement, and granted in part and denied in part as to the indirect infringement claims. Defendants object only to the Magistrate Judge's recommendation on (1) willful infringement and (2) "consumables" as an accused product. I have reviewed the entire Report and Recommendation, and, as to the portions to which no objections were taken, I will **ADOPT** the Report's recommendation. As for the objections to the inclusion of "consumables" as an accused product, in view of the fact that the accused products are identified as the Neptune 2 Waste Management System and Neptune 3 Waste Management System, I do not require further specificity about what role, if any, "consumables" play in the infringement analysis. Thus, I summarily **OVERRULE** Defendants' second objection.

The patent issued June 3, 2014. Suit was filed August 8, 2016. The Magistrate Judge held that Plaintiffs had not pled "actual knowledge" of the '920 patent before the filing of the complaint. (D.I. 19 at 12-13). Until the decision in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.C.t. 1923 (2016), that would have been a sufficient finding for me (and was in a number of orders) to grant a motion to dismiss a claim of willfulness, as I interpreted *In re Seagate Technology*, 497 F.3d 1360 (Fed. Cir. 2007), to prohibit a claim of willfulness based only on knowledge of the patent gained through litigation. My view was not a universal view,

3

*see Apple Inc. v. Samsung Electronics Co.*, 2017 WL 2720220, *10 (N.D. Cal. June 22, 2017), but I do not believe the Federal Circuit ever definitively resolved the issue.

After *Halo*, the district courts continue to split on this and related issues. *See, e.g., id.* at *10-11 (citing other decisions); *Continental Circuits LLC v. Intel Corp.*, 2017 WL 2651709, *7-8 (D. Ariz. June 16, 2017) (same). I am going to conclude, based on the analysis in *Apple v. Samsung*, that allegations of post-filing conduct can support a finding of willfulness. Those allegations have to have some factual content. I leave for another time how much factual content is required, *see Continental Circuits*, 2017 WL 2651709, at *8, as Plaintiffs in this case have not pled any post-filing factual content.

Thus, I am going to **SUSTAIN** Defendant's objection to the Report's recommendation on willfulness. I will give leave to Plaintiffs to move to amend the complaint now, but if Plaintiffs do not presently exercise that option, they will have another chance as will be set forth in the Rule 16 scheduling order.

### III. CONCLUSION

For the reasons stated herein, the Court **OVERRULES** Defendants' Objections in part and **SUSTAINS** Defendants' Objections in part. The Magistrate Judge's Report and Recommendation (D.I. 19) is **ADOPTED** except as to the recommendation on willfulness.

The Motion to Dismiss (D.I. 8) is **GRANTED** in part and **DENIED** in part as follows:

1. The motion to dismiss is **DENIED** except as otherwise stated below.
2. Defendants' motion to dismiss the claim for induced and contributory infringement is **GRANTED** as it related their conduct prior to filing of the complaint.
3. Defendants' motion to dismiss the claim for willful infringement is **GRANTED**.

4

Plaintiffs are given leave to file an amended complaint within ten days of the date of this Order.

IT IS SO ORDERED this 2⧸ day of August 2017.

                                                 *Richard G. Andrews*
                                                 United States District Judge